**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Steven Frank RUGA, Defendant–
Appellant.**

**No. 01–5077.**

United States Court of Appeals,
Sixth Circuit.

Oct. 29, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.[*]

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Steven Frank Ruga was named in a two-count indictment for his part in a burglary of a branch office of the United States Post Office. Ruga thereafter offered a guilty plea to both counts of the indictment. The district court accepted the plea and found Ruga guilty of conspiracy to commit an offense against an agency of the United States, in violation of 18 U.S.C. § 371, and larceny of a Post Office, in violation of 18 U.S.C. § 2115. The court later sentenced Ruga to concurrent thirty month terms of imprisonment, to run consecutively to any state court incarceration, and a two year period of supervised release. This appeal followed.

Counsel for Ruga filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ruga was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), but he has chosen not to do so.

Ruga was in the middle of what the district court called a one-man crime spree in November 1999, when he and three teenagers conspired to break into the branch office of the United States Post Office in Huron–Luray, Tennessee. They broke into the branch office and, when they were unable to open the safe, tampered with some pieces of mail, Ruga making off with a pair of athletic shoes. Ruga was subsequently named in a two-count indictment, for the conspiracy and for the actual larceny. Ruga later appeared with counsel and entered a guilty plea to the indictment. The district court accepted the plea and set the matter over for preparation of a presentence report. The parties later met for sentencing. Counsel for Ruga did not register any formal objections to the findings of the presentence report, but he argued that the assigned criminal history category (VI) over-represented the seriousness of Ruga's criminal past and merited a downward departure. In addition, counsel asked that Ruga's federal sentence be made to run concurrently with Ruga's Tennessee state court incarceration in recognition that all of Ruga's crimes were, in reality, part of one course of conduct.

The district court rejected both arguments and proceeded to impose the sentence of record. On appeal, counsel for

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Ruga sets forth two arguable issues for review in furtherance of his duty under *Anders.* Counsel assigns as arguable error the district court's failure to effect the requested departure and its decision to run Ruga's federal sentence consecutive to Ruga's Tennessee period of incarceration.

■■■ The issues lack merit. USSG § 4A1.3 allows for a downward departure from the guideline sentence range when a defendant's criminal history category significantly overrepresents the seriousness of his criminal history or the likelihood that he will commit another crime. A sentence conforming to the guideline range ordinarily cannot be appealed based on the district court's refusal to depart downward unless the court incorrectly believed that it lacked the authority to consider the defendant's mitigating circumstances as well as the discretion to deviate from the guidelines. *United States v. Wells,* 211 F.3d 988, 1003 (6th Cir.2000). To this end, this court will examine the transcript of the sentencing hearing to determine whether the sentencing court believed that it lacked the authority to consider the requested departure. *United States v. Ebolum,* 72 F.3d 35, 37 (6th Cir.1995). In the case at bar, the district court plainly recognized that it had the authority to depart downward, but considered it inappropriate to do so for the reasons stated on the record in open court. The court was not confused, was not presented with inaccurate information, and there was no issue of disputed fact. The district court did not err in this regard.

■■■ A district court generally has discretion pursuant to USSG § 5G1.3(c) to impose a consecutive, partially consecutive, or concurrent term of imprisonment on a defendant already subject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584(a); *United States v. Covert,* 117 F.3d 940, 945 (6th Cir.1997). In exercising this discretion, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) and applicable sentencing guidelines and policy statements. *Id.* The district court is not required to make specific findings related to each factor; it merely must "articulate at least enough of its reasoning to permit an informed appellate review." *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999). A district court's decision to impose a concurrent or a consecutive sentence is reviewed for an abuse of discretion. *Covert,* 117 F.3d at 945. The district court clearly articulated its reasons for making Ruga's sentence run consecutive to his state imprisonment as set out in 18 U.S.C. § 3553(a): the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense; the deterrent effect on criminal conduct; and the protection of the public. There was no error in this regard. An independent examination of the record and law supports counsel's characterization of this appeal as lacking merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.