**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rudolph A. McCLELLAN,**
**Defendant–Appellant.**

No. 97–2231.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 26, 1998.

Decided Jan. 5, 1999.

Patricia G. Blake (argued), Rafael M. Gonzales, Jr., Asst. U.S. Atty., Bruce C. Judge, U.S. Atty. (briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Richard J. O'Neill (argued and briefed), Detroit, MI, for Defendant–Appellant.

Before: JONES and COLE, Circuit Judges; O'MALLEY, District Judge.*

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Rudolph McClellan appeals the sentence imposed by the district court following revocation of his term of supervised release. For the reasons that follow, we reverse the judgment of the district court and remand for resentencing.

## I.

In 1994, McClellan entered a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to eighteen months' incarceration to be followed by a three-year period of supervised release. McClellan served his term of incarceration and commenced supervised release in August 1995.

In March 1996, the United States Probation Office filed a petition for warrant or summons for McClellan, alleging that he violated the terms of his supervised release by: (1) failing to report to the probation office as directed and file a written report within the first five days of each month; and (2) failing to participate in a substance abuse program. In an amended petition for warrant or summons filed in October 1997, the probation officer alleged that McClellan further violat-

ed the terms of his supervised release by committing a federal, state or local crime; specifically, the petition averred that McClellan had been convicted in Washtenaw County Circuit Court of the misdemeanor crime of domestic assault.

The district court held a supervised release revocation hearing in November 1997, at which time McClellan admitted to the two violations charged in the initial petition. With respect to sentencing, the district court's statement was quite brief:

> I have had an opportunity to review this file again. I reviewed my presentence report again. I also reviewed the probation officer's report with respect to the violations. Based on my understanding of this case it's going to be the sentence of the Court that this defendant's supervised release status should be terminated and that he be turned over to the Bureau of Prisons and confined for a period of eighteen months.

The court's eighteen-month sentence was significantly longer than the five-to-eleven month range recommended by the United States Sentencing Guidelines. This timely appeal followed.

## II.

 McClellan contends that the district court erred by sentencing him to eighteen months of incarceration because the court failed to consider the applicable policy statements set forth in the Sentencing Guidelines and, in addition, imposed a sentence that was plainly unreasonable. We will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable. *See United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994).

 The policy statements in Chapter Seven of the Sentencing Guidelines recommend a sentencing range of 5–11 months for an individual with McClellan's violation category and criminal history. *See* U.S.S.G.

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

§ 7B1.4, p.s. We have consistently held that the policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory and that a court need only consider them prior to imposing sentence for revocation of supervised release. *See United States v. West,* 59 F.3d 32, 33 (6th Cir.1995). In this case, the district court did not specifically refer to the Chapter Seven policy statements; however, the court noted that it had reviewed the violation report prepared by the probation office, which contained the recommended sentencing range. By reviewing the supervised release violation report, the court is presumed to have considered the recommended sentencing range set forth in the policy statements. *See United States v. Davis,* 53 F.3d 638, 642 (4th Cir.1995); *see also United States v. Washington,* 147 F.3d 490, 491–92 (6th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 386, 142 L.Ed.2d 319 (1998). Thus, we can infer that the district court considered the policy statements, although express reference to the recommended sentencing range is certainly preferable.

In addition, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *See* 18 U.S.C. § 3583(e)[1]; *Washington,* 147 F.3d at 491. Title 18 U.S.C. § 3583(e)(3) further provides a statutory maximum sentence of two years upon revocation of supervised release when the original offense was, as in this case, a Class C felony.

■ Here, although McClellan's sentence did not exceed the statutory maximum, the sentence failed to reflect in any manner that the district court considered the factors set forth in 18 U.S.C. § 3553. The district court gave absolutely no indication why it imposed a sentence well beyond that recommended in the Sentencing Guidelines; the court stated only that it reviewed McClellan's presentence

report and the reports prepared by the probation office. Although a review of such reports may be enough to presume that the district court was aware of the recommended sentencing range, it is not enough to presume that it also considered the various factors set out in § 3553. There is no requirement—nor should there be—that a district court engage in a "ritualistic incantation to establish consideration of a legal issue." *See Washington,* 147 F.3d at 491. Nor is there a requirement that a district court make specific findings relating to each of the factors considered. *See id.* Nonetheless, at a minimum, a district court must provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range. *See id.* at 492 (stating that "[a]t the time of sentencing, the district court simply must state on the record its general reasons under section 3553(a) for rejecting [the] Chapter 7 policy statements" (citation and quotation omitted)). Because the district court failed to provide any reasons for imposing an eighteen-month sentence, we cannot conclude that the district court considered the factors set out in § 3553. Further, the district court's failure to indicate why it imposed a greater sentence than that recommended makes it impossible to determine whether the sentence was plainly unreasonable.

Although a sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553, it must articulate at least enough of its reasoning to permit an informed appellate review. The record in this case does not meet this minimal standard. Accordingly, we reverse the judgment of the district court.

---

1. Title 18 U.S.C. § 3583(e) requires that, prior to sentencing, a district court consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)." Section 3553(a) provides in part:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed ... (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D)

to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ... (4) the kinds of sentence and the sentencing range established ... (5) any pertinent policy statement issued by the Sentencing Commission ... (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## III.

For the foregoing reasons, we **REVERSE** the judgment of the district court and **RE-MAND** for resentencing.