**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4573

RONALD ALLEN KEATON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-95-4-BR)

Submitted: January 11, 2000

Decided: March 6, 2000

Before NIEMEYER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen C. Gordon, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Allen Keaton was sentenced to sixty months imprisonment following the revocation of his term of supervised release. On appeal, Keaton alleges that the sentence was unreasonable and that the district court failed to articulate the reasons for the sentence. Finding no reversible error, we affirm.

Keaton was convicted and sentenced in 1995 for his part in a drug conspiracy. The court initially sentenced him to 120 months imprisonment to be followed by sixty months supervised release. A few months later, the court reduced the active term of imprisonment to forty-eight months after the Government filed a motion for downward departure.

The evidence presented at the revocation hearing showed that, less than three months after being released from prison, Keaton conspired with two other men to rob a convenience store at gunpoint. Specifically, witnesses testified that Keaton berated one of the other men into committing the actual robbery. Keaton then led police on a high-speed chase for several miles until he wrecked the vehicle.[1] Keaton was able to flee the scene, but his accomplices were arrested. Keaton turned himself in the next day.

Keaton claims that his sentence is unreasonable because: (1) it greatly exceeded the recommended range set forth in USSG § 7B1.4, p.s.;[2] (2) the Government presented only hearsay evidence against him at the revocation hearing; and (3) he was unable to fully defend himself because he was still awaiting trial in state court. Keaton further alleges that the district court erred by failing to explain the rea-

_____

[1] Police were able to determine that the vehicle was stolen.
[2] **U.S. Sentencing Guidelines Manual** (1998).

2

soning behind its sentence, as required under 18 U.S.C. §§ 3553, 3583(c) (1994). We find Keaton's arguments unpersuasive.

As a threshold matter, Keaton did not object to the district court's sentencing decision at trial. Therefore, we review Keaton's sentence for plain error, and find none.[3]

As Keaton himself acknowledges, the policy statements found in Chapter 7 of the Guidelines are merely advisory. [4] Nevertheless, the Guidelines expressly provide that a sentence in excess of the recommended range may be appropriate where, as here, the original sentence was the result of a downward departure.[5] We find no plain error in the court's decision to give Keaton the maximum sentence. Keaton committed these violations shortly after being released from prison, and his use of a firearm and subsequent efforts to elude police suggest that he poses a significant risk to society. Finally, there is no prohibition to the use of hearsay evidence in a revocation hearing,[6] and we see no reason to find Keaton's sentence plainly unreasonable simply because he made the tactical decision to "hedge his bets" with regard to his state trial.

We likewise reject Keaton's assertion that the district court committed plain error by not expressly stating its reasons for imposing the sentence. Nothing in the statute or in the Federal Rules of Criminal Procedure requires the court to state on the record that it considered each of the factors contained in 18 U.S.C. § 3553(a) (1994). Moreover, although the Sixth Circuit has recently held that a district court should at least provide some explanation for imposing a sentence which exceeds the range recommended by § 7B1.4,[7] we have never imposed such a requirement.

Accordingly, we affirm Keaton's sentence. We dispense with oral

---

[3] **See United States v. Olano**, 507 U.S. 725, 732-34 (1993).
[4] **See United States v. Davis**, 53 F.3d 638, 642 (4th Cir. 1995).
[5] **See** USSG § 7B1.4, comment. (n.4).
[6] **See generally** Fed. R. Evid. 1101(d)(3) (rules of evidence not applicable in revocation proceedings).
[7] **See United States v. McClellan** , 164 F.3d 308, 310 (6th Cir. 1999).

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4