**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tammy BURGESS, Defendant–
Appellant.**

**No. 99–6098.**

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

## ORDER

This is an appeal from a district court judgment revoking a period of supervised release and imposing a new term of imprisonment. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Tammy Burgess pleaded guilty to conspiring to steal firearms, in violation of 18 U.S.C. § 371, and was sentenced to a twelve month term of imprisonment to be followed by a three year period of supervised release. Burgess served out her term of imprisonment but, in 1999, she admitted to having violated the conditions of her supervised release. The district court agreed and sentenced Burgess to an additional eighteen month term of imprisonment. This appeal followed.

The only question presented in this appeal is whether the district court erred in sentencing Burgess to an eighteen month term of imprisonment when the policy statement called for a sentencing range of four to ten months. This court reviews a district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994). The court will affirm a district court's sen-

tence of imprisonment upon revocation of supervised release if the district court considered the relevant statutory factors and the sentence is not plainly unreasonable. *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). An examination of the record and law supports the judgment on appeal.

On May 30, 1997, Burgess was placed on supervised release. The district court issued its first warrant for Burgess's arrest following a violation of the conditions of her release on February 9, 1998. Burgess later entered a no contest plea to the charges and the district court sentenced her to time served with an additional two years of supervised release, the first six months of which were to be spent in home confinement. The district court issued the second violator warrant for Burgess on March 10, 1999, for her failure to comply with the regular reporting and drug testing conditions of her release. Burgess subsequently appeared with counsel at a hearing and admitted to having violated the specified conditions. The parties agreed that the maximum penalty for these violations was an additional twenty-four months of imprisonment, even though the probation office worksheet reflected a range of four to ten months. Burgess offered no substantive explanation for her behavior, only that she becomes "scared for some reason and don't report; that's about it. I do it every time." The district court sentenced Burgess to an additional eighteen months of imprisonment after expressing the belief that Burgess needed the time to readjust to society. The court adopted the suggestion that the applicable guidelines had been considered but rejected as inappropriate.

On appeal, counsel for Burgess raises one issue for review, namely, that the district court abused its discretion in going well beyond the guideline range in sentencing Burgess to an additional eighteen month term of imprisonment.

■ The district court did not make a mistake in fashioning the sentence on appeal. A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). The district court's sentence must reflect consideration of certain factors listed in 18 U.S.C. § 3553, and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4). The relevant § 3553 factors include 1) the need to deter criminal conduct, to protect the public, and to provide defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and, 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *See McClellan,* 164 F.3d at 310. All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

The record plainly shows that Burgess, admitting to her second violation for failing to abide by the conditions of release, had no compelling reason for her failure other than "being scared." The district court acknowledged this inexplicable inability to comply, as well as the implicit likelihood that Burgess would soon repeat her failure if released, and concluded that an additional prison term would "try to get [Burgess] ready for society." The court agreed that it had considered the applicable policy statements, even if no "magic words" had been uttered, and the record does not show otherwise. In this circumstance, it is apparent that the district court

did not make a mistake, or commit an abuse of the discretion with which it is vested. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.