**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Yvonne Michelle WEBB, Defendant–
Appellant.**

**No. 00–6050.**

United States Court of Appeals,
Sixth Circuit.

March 13, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

*ORDER*

Yvonne Michelle Webb appeals her judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Webb pleaded guilty to committing bank fraud in violation of 18 U.S.C. § 1344.

The district court sentenced Webb to twelve months and one day of imprisonment, and sixty months of supervised release. Thereafter, the district court revoked Webb's term of supervised release because she possessed and used cocaine. The district court sentenced Webb to six months of imprisonment to be followed by thirty-six months of supervised release. Subsequently, the district court revoked Webb's thirty-six term of supervised release because Webb did not report to her probation officer, did not report for drug counseling or urine testing, and tested positive for using cocaine. Upon Webb's second revocation, the district court sentenced her to twelve months and one day of imprisonment and thirty-six months of supervised release.

On appeal, Webb's counsel moves to withdraw and files a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Webb has responded to her counsel's motion to withdraw by submitting a letter in which she obliquely indicates her dissatisfaction with defense counsel's representation of her, but does not otherwise raise any issues of law or fact.

Although believing the appeal to be without merit, counsel submits the following issues for review: 1) whether the district court erred by revoking Webb's term of supervised release; 2) whether the district court erred by not considering the sentencing guidelines policy statements; 3) whether the district court erred by not considering statutory sentencing factors; 4) whether the district court erred by imposing a new term of supervised release; and 5) whether the district court erred by imposing a new thirty-six month term of supervised release upon revoking a thirty-six month term of supervised release and sentencing Webb to a term of imprisonment.

This court applies an abuse of discretion standard in its review of a district court's decision to revoke supervised release. *See United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir.1991). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.* 59 F.3d 608, 615 (6th Cir.1995).

We conclude that the district court did not abuse its discretion. The district court clearly considered the relevant statutory factors and the sentence is not plainly unreasonable. *See United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). We have further examined the record in this case, including the transcript of Webb's supervised release revocation hearing, and conclude that no reversible error is apparent from the record.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.