**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark T. DAVIS, Defendant–Appellant.**

No. 00–6450.

United States Court of Appeals,
Sixth Circuit.

June 12, 2001.

Before RALPH B. GUY, JR., NORRIS, and GILMAN, Circuit Judges.

Mark T. Davis, a federal prisoner, appeals the sentence imposed following the

revocation of his term of supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis pleaded guilty to one count of using or carrying a firearm during and in relation to a drug trafficking offense and was sentenced on January 3, 1995, to 60 months in prison followed by two years of supervised release. Davis completed his prison term and commenced his supervision on January 27, 1999, with the term to expire on January 26, 2001. On May 24, 2000, the district court, at the request of Davis's probation officer, modified the conditions of his supervised release to direct that Davis reside for six months at a community corrections facility.

On August 20, 2000, the probation office filed a petition for warrant or summons for offender on supervision. The petition listed four violations, including 11 positive drug screens on dates ranging from June 8, 1999, through August 17, 2000, and discharges from both the community corrections center and a drug abuse program. Davis admitted violating the terms of his supervised release by possessing controlled substances at a hearing conducted on September 20, 2000. Consequently, the district court revoked his supervised release and sentenced him to nine months in prison, with no additional term of supervised release. The judgment was entered on September 26, 2000.

Davis's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise the following issue for review: Whether the district court, upon revocation of supervised release, failed to appropriately consider the applicable sentencing factors resulting in a plainly unreasonable sentence, which was excessive given the fact that Davis had completed 19 months of the 24-month term of supervised release originally imposed. Davis was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

■ Upon review, we grant counsel's motion to withdraw because she has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issue she determined to be arguable. We affirm the district court's judgment because Davis forfeited this issue by not raising it at his sentencing proceeding and because the district court adequately considered the appropriate factors in fashioning its sentence.

■ When a defendant does not raise a particular challenge to his sentence at his sentencing hearing, that claim is not cognizable on appeal in the absence of plain error that affects a defendant's substantial rights. *United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998); *United States v. Nagi*, 947 F.2d 211, 213–14 (6th Cir. 1991). Not only did Davis not challenge his sentence as excessive during his sentencing hearing, but both defense counsel and Davis himself accepted the possibility of a nine-month sentence in order to provide enough time to participate in a drug abuse program. Moreover, the policy statements provide for a 3–9 month sentencing range for a violation of the type committed by Davis and for a defendant with his criminal history category of I. *See* USSG § 7B1.4(a). Thus, there was no plain error and Davis's sentence is not reviewable on appeal.

Even if this court were to review the district court's judgment, Davis would not be entitled to relief. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). In addition to consideration of the policy statements in Chapter Seven of the Sentencing Guidelines, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* at 310. The district court need not make specific findings related to each of the factors considered, but must articulate enough of its reasoning to permit informed appellate review. *Id.* The record in Davis's case meets this standard.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment, entered on September 26, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.