UNITED STATES of America, Plaintiff–Appellee,

v.

James Eldon ROGERS, Defendant– Appellant.

No. 00–2066.

United States Court of Appeals, Sixth Circuit.

July 25, 2001.

Before KENNEDY, SILER and CLAY, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant James Rogers appeals the manner in which the district court imposed his sentence for violating the terms of his supervised release. According to Rogers, the district court failed to consider the statutory factors relevant to Rogers's sentencing required by 18 U.S.C. § 3553. The government counters that the district court did in fact consider the factors, albeit in less than great detail.

Because the district court did list its reasons for sentencing Rogers, we affirm Rogers's sentence.

## I.

On January 14, 1997, a grand jury indicted Rogers on one count of bank fraud in violation of 18 U.S.C. § 2314 and one count of interstate transportation of a stolen check. Rogers pleaded guilty to the charge of bank fraud in exchange for the dismissal of the interstate transportation charge. He agreed, however, that the district court could use the conduct that led to the second charge in sentencing him. The district court sentenced Rogers to twenty-four months imprisonment and five years supervised release. It also assessed a fee of $100.00 and ordered Rogers to pay $28,700.01 in restitution. This court affirmed that sentence on appeal. Rogers served his term of incarceration and began supervised release in October of 1998.

On July 28, 2000, the United States Probation Department for the Western District of Michigan filed a petition that Rogers had violated a term of his supervised release by failing to pay the financial penalty imposed as a part of his sentence and paying only $240.00 in restitution. *See* J.A. 26–27. The district court held a supervised release revocation hearing at which Rogers admitted to the violation.

The hearing then moved to the sentencing phase. Rogers informed the district court that he had failed to pay the restitution because he did not have the money to pay that as well as his other bills—he reported earning $3,000 per month but having expenses of $3,164.00 per month. In 1999 his income was over $45,000. The government noted that the statement of expenses Rogers filed, if taken at face value, supported Rogers's claim. If, however, one looked deeper, as the government had, one quickly became suspicious

of Rogers's explanation. Rogers's expenses were excessive. He listed $900.00 as monthly expenses for groceries, clothing, and supplies. While he reported a $200.00 monthly expense for his daughter's college tuition and another $200.00 for repaying his parents, he failed to provide documentation to support these claims. Other expenses, such as the $500.00 per month for his wife's new 1999 Pathfinder, seemed unnecessary. Moreover, Rogers claimed not to have a bank account.

The district court also had problems with Rogers's explanation.

Mr. Rogers, I don't trust you, and you're not being honest with me today. And you know that is not what you were in court for on September 3rd.... You flimflam, you tell people what they want to hear. You're not honest. I thought by sending you to prison, I would be sending a message to you, but I didn't get through....

So you're here because you have a little loan, a little debt problem here that you can't quite address. The $500 payment for a new Pathfinder and the three or $400, $200 for furniture and $800 for food and not having a bank account plus all that money, that's just part of the incidents of getting by. And frankly, I don't think you paid $250.00 on this restitution amount. I don't believe what you're telling me.

Now, I don't know how I can get through to you. I don't think I can.... I think you're once again telling me what I need to hear to get you out of a jam so you can go back to Arkansas and continue living like you're living. The issue is not money. The issue is compliance with the Court's orders and the issue is being honest with the Court. You're not....

. . . .

I find your inability on supervised release to address yourself to the issues of your responsibility, your inability to be honest with the supervised release officers and with me evidences to me the fact that you have considerable difficulty in following orders of this Court.

J.A. 65–66. Accordingly, the district court rejected the Sentencing Guideline's suggested range of 4–10 months and sentenced Rogers to 13 months imprisonment.

Rogers appeals.

## II.

On appeal, Rogers argues the district court failed to show consideration of the relevant statutory factors when imposing a sentence upon revocation of supervised release as required in *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999). Title 18 U.S.C. § 3583(e) requires the court to consider the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).[1] Section 3583(e) does not require the court to make some statement on the record regarding the court's consideration of those factors. As noted, however, this Circuit does require such a statement and requires that

the district court also show consideration of the policy statements contained in Chapter Seven of the Sentencing Guidelines, located at 7B1.4. *See McClellan*, 164 F.3d 308, 309.

The record indicates that the district court considered both. While it did not specifically refer to the policy statements in 7B1.4, it did refer to the violation report prepared by the probation office, which contained the recommended sentencing range. Hence, this court will presume that the district court considered the recommended sentencing range set forth in the policy statements. *See id.* at 310. And while the district court's statements regarding the factors in § 3553 it was required to consider were not as explicit as they might have been, we believe they are adequate. While the district court did not specifically mention the supervised release report by name, the court did refer to information that could only have been obtained from that report (such as Rogers's financial obligations). We consider these statements sufficient evidence that the Chapter Seven policy judgments were within the district court's contemplation.

---

**1.** The relevant provisions require the district court to consider,

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

. . . .

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . . .

(4) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

This court stated in *McClellan* that all that a court really need to do to show it has considered the relevant statutory factors is "provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." *McClellan*, 164 F.3d at 310. The court need not "make specific findings relating to each of the factors considered." *Id.* Unlike the *McClellan* sentencing court, the district court here indicated why it was sentencing Rogers beyond the recommended range of four months. The court cited Rogers's lack of honesty to the probation department and the court, its belief that Rogers was able to pay the restitution if he had wanted to, and its desire to "get through" to Rogers—that is, to teach him he must comply with court orders. Those statements go to (a)(1)'s requirement that the court consider the characteristic of the offense and the defendant's criminal history and (a)(2)(B)'s requirement that it consider the need for the sentence imposed to deter the defendant in the future. Just as the district court's reference to the violation report satisfies the requirement that it show it considered the policy statements, so too should it satisfy the requirement that it consider subsections (a)(4) and (a)(5), both of which deal with the policy statements in the guidelines.

The district court's statements here are similar to those made by the district court in *United States v. Washington*, 147 F.3d 490 (6th Cir.1998), which this court held were sufficient to show consideration of the relevant statutory factors. There the district court said, "[s]o the Court is convinced those are very, very serious offenses, very serious offenses when he leaves the jurisdiction in connection with this other behavior ... [and] [h]is attitude is such that the court is of the belief that the maximum penalty should be imposed. Two things. Number one, obviously, supervised release doesn't work for him;

perhaps prison will. Number two, to keep him off the streets so he learns he has to follow the rules of society." *Id.* at 491.

### III.

For the foregoing reasons, we affirm.