**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul MEZA–NUNEZ, also known**
**as Pedro Lopez–Martinez,**
**Defendant–Appellant.**

**No. 01–1997.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2002.

Before RALPH B. GUY, JR. and CLAY, Circuit Judges; NUGENT, District Judge.*

Raul Meza–Nunez, a federal prisoner, appeals the judgment imposed by the district court following the revocation of his supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Meza–Nunez pleaded guilty in June 1995 to illegal reentry of a deported alien subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a). The district court sentenced him on October 2, 1995, to 36 months in prison followed by three years of supervised release. The district court also recommended that Meza–Nunez be deported to his native Mexico by the Immigration and Naturalization Service (INS) upon completion of the custody portion of his sentence. On December 30, 1997, Meza–Nunez was released by the Bureau of Prisons to the custody of the INS for a deportation hearing. His term of supervised release also began that day. The INS ultimately deported Meza–Nunez.

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

On September 25, 2000, the U.S. Probation Office filed a petition for warrant or summons for an offender under supervision. This petition charged Meza–Nunez with three violations of the conditions of his supervised release: (1) conviction of another federal crime in the Western District of Texas upon his arrest on March 21, 1999, for illegal reentry; (2) conviction of another federal crime in the Western District of Texas upon his arrest on December 25, 1999, for illegal reentry; (3) failure to comply with INS rules and regulations to not reenter the United States illegally if deported, and to report to the Probation Office within 72 hours of reentry.

Following a hearing held on July 9, 2001, the district court found Meza–Nunez guilty of violations one and two, but not guilty of violation three. The court revoked Meza–Nunez's supervised release and sentenced him to the maximum available prison term of 24 months, followed by a new one-year term of supervised release.

Meza–Nunez's court-appointed counsel has filed a motion to withdraw and a supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal. Meza–Nunez was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon consideration, we grant counsel's motion. His brief is barely acceptable, presenting no possible issues for appeal. Nonetheless, we are satisfied that counsel's conclusion is sound: there are no meritorious grounds for relief.

■ "In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. [citation omitted] Once this finding is made, whether the defendant's supervised release should be revoked is reviewed for an abuse of discretion." *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000), *cert. denied*, 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001). It is undisputed in this case that Meza–Nunez violated a condition of his supervised release as he admitted at the hearing that he reentered the United States and was subsequently convicted of illegal reentry on two different occasions. Thus, a preponderance of the evidence supports the district court's finding that Meza–Nunez violated a condition of his supervised release. Furthermore, the district court did not abuse its discretion in revoking Meza–Nunez's supervised release upon making this finding.

■ After revoking Meza–Nunez's supervised release, the district court sentenced him to the maximum of 24 months in prison and one year of supervised release. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999). The district court's sentence meets this standard.

Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on July 10, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.