**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dawit TESSEMA, Defendant–
Appellant.**

**No. 01–6202, 01–6203.**

United States Court of Appeals,
Sixth Circuit.

April 26, 2002.

Before KRUPANSKY, BOGGS, and COLE, Circuit Judges.

In these consolidated appeals, Dawit Tessema appeals the district court's judg-

ment revoking his supervised release. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Tessema pleaded guilty in the United States District Court for the Western District of Tennessee to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. He also pleaded guilty to one count of an information filed by the United States in the United States District Court for the Southern District of Texas that had been transferred to the Western District of Tennessee by way of a Rule 20 Consent to Transfer. The cases were consolidated for sentencing, and the district court sentenced Tessema to twenty-one months of imprisonment to be followed by three years of supervised release. The district court also ordered Tessema to pay restitution in the amount of $286,875.00. Tessema began supervised release on October 8, 1998.

On June 1, 2001, the government filed an identical supervised release violation petition in each of the foregoing cases charging Tessema with violating his supervised release by failing to make restitution as ordered, failing to seek and maintain employment, failing to follow the instructions of the probation officer, committing another offense, and failing to submit a written report to the probation officer within the first five days of each month. The violation worksheets correctly characterized Tessema's violations as Grade C violations and calculated a four to ten month range of imprisonment. Tessema did not object to the range of imprisonment calculation.

The district court conducted a revocation hearing. At one point during the hearing, the district court expressed its belief that Tessema's violations were Grade B violations. Tessema did not ob-

ject to the district court's mistaken belief. At the conclusion of the hearing, the district court revoked Tessema's supervised release and sentenced him to ten months of imprisonment.

In his timely appeals, Tessema contends that the district court abused its discretion in finding that his violations were Grade B violations and basing its revocation decision on such findings. The appeals have been consolidated by order of this court. The parties have filed briefs in which they expressly waive oral argument.

In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *United States v. Lowenstein,* 108 F.3d 80, 85 (6th Cir. 1997). Once this finding is made, whether the defendant's supervised release should be revoked is reviewed for an abuse of discretion. *United States v. Cofield,* 233 F.3d 405, 406 (6th Cir.2000), *cert. denied,* 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001). This court will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable. *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). Because the defendant did not object to his sentence on the ground now alleged, however, this court's review is limited to plain error. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998). Under plain error review, this court may only reverse if (1) there is error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the fairness, integrity or public reputation of the judicial process is seriously affected. *Id.*

114

Our review of the record reveals that reversal of the district court's judgment is not warranted in the instant case because there was no plain error that affected Tessema's substantial rights, which seriously affects the fairness, integrity or public reputation of the judicial process. Tessema contends that because a Grade B violation requires revocation of supervised release, USSG § 7B1.3(a)(1), while a Grade C violation allows either revocation or extension or modification of supervised release, USSG § 7B1.3(a)(2), the district court abused its discretion in revoking his supervised release based on a clearly erroneous assessment of the evidence.

Tessema's substantial rights were not affected. It is clear that the court misspoke when it described the violations as Grade B. Although the court did state that the violations were Grade B, it did so in the context of confirming that it had the power to extend the period of supervised release. This is consistent with Grade C violations, but is not consistent with Grade B violations. The court treated the violations as Grade C in every other respect, including imposing a sentence consistent with Grade C. Thus, the district court did not base its revocation decision on a mistaken belief that it was required under USSG § 7B1.3(a)(1) to revoke Tessema's supervised release, and the defendant's substantial rights were not affected by the court's mistake.

The district court's mistaken belief in the grade of Tessema's violations did not seriously affect the fairness, integrity or public reputation of the judicial process. The district court conducted a revocation hearing, considered the evidence offered by the parties, unambiguously expressed its belief in the propriety of exercising discretion with respect to supervised release violations, and determined that a sentence within the guideline range was appropriate.

Accordingly, we hereby affirm the district court's judgment.