NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0507n.06
Filed: July 18, 2007

No. 06-4509

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| LARRY HARRIS, | ) | |
| | ) | M E M O R A N D U M |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE: MARTIN and McKEAGUE, Circuit Judges; and GREER, District Judge.*

PER CURIAM. On December 4, 2003, defendant Larry Harris began serving a three-year term of supervised release after serving a 17-year, 6-month term of imprisonment for conspiracy to possess cocaine with intent to distribute it. On November 9, 2006, at a supervised release violation hearing, defendant admitted having violated the conditions of his supervised release by using cocaine. The district court accepted defendant's admission of guilt, terminated his supervised release, and sentenced him to 10 months' incarceration. Defendant now appeals this sentence contending it represents an abuse of discretion. Defendant acknowledges he has a longstanding drug problem and contends that his admission of abuse reflects his need and desire for treatment.

_____

*Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*No. 06-4509*
*United States v. Harris*

Defendant contends the district court should have imposed a sentence of probation with remand to a residential treatment program.

A district court's revocation of supervised release is reviewed for abuse of discretion. *United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005). A sentence imposed for violation of supervised release will be affirmed "if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *Id*. (quoting *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999)).

Inasmuch as defendant admitted he had repeatedly violated the conditions of his supervised release by using cocaine, revocation of supervised release can hardly be deemed an abuse of discretion. The district court's order revoking supervised release does not include explicit consideration of the policy statements set forth in the Sentencing Guidelines or the sentencing factors listed in 18 U.S.C. § 3553. Yet, the 10-month sentence imposed in this case is undisputedly within the applicable advisory guideline range of 8 to 14 months. It is therefore presumptively reasonable. *Rita v. United* States, — U.S. — , 127 S.Ct. 2456, 2462-63 (2007); *United States v. Cage*, 458 F.3d 537, 540-41(6th Cir. 2006). Moreover, the sentencing court's consideration of the probation officer's violation report warrants the presumption that the court considered the policy statements and factors contained therein. *Carr*, 421 F.3d at 431-32; *McClellan*, 164 F.3d at 310; *United States v. Sloboda*, 162 F. App'x 550, 552-53 (6th Cir. 2006) (unpublished). Defendant has made no showing tending to rebut either of these presumptions.

Considering that defendant had tested positive for cocaine use when he attempted to register for residential treatment in September 2006, and was for that reason rejected from the program, the district court's decision to impose a term of incarceration rather than remand for continued

residential treatment is not plainly unreasonable.  Defendant's preference for a sentence of probation

and a second chance in the residential treatment program, though understandable, is no grounds for

finding that the district court committed a clear error of judgment or otherwise abused its discretion.

We find no error.

The judgment of the district court is therefore **AFFIRMED**.