SILER, Circuit Judge.
Douglas Chastain pleaded guilty to possession of ammunition by a convicted felon and was sentenced to sixty-three months’ imprisonment. He now appeals his sentence, in particular, the procedural reasonableness of it. For the following reasons, we AFFIRM.
BACKGROUND
At Chastain’s sentencing, the district court reviewed a presentence report recommending a sentence between 51 and 63 months’ imprisonment under the Guidelines, based upon Chastain’s offense level of 17 and his criminal history score of VI. After acknowledging that it had to make an individualized assessment applying the sentencing factors of 18 U.S.C. § 3553(a), the district court asked Chastain to suggest an appropriate sentence. Chastain and his counsel argued that Chastain’s addiction to alcohol should be a pertinent consideration for the district court in determining Chastain’s sentence, but did not suggest a specific term. The district court responded to Chastain’s statements by admonishing him to avoid guns in the future. Considering “the facts and circumstances of the offense, the background and history of the defendant, [and] the factors stated in 18 U.S.C. Section 3553(a),” the district court sentenced Chastain to sixty-three months’ imprisonment and 500 hours of substance abuse treatment. Chastain refused to object to this sentence or its explanation when asked by the district court.
Chastain now appeals his sentence because, he argues, the district court failed to make an individual assessment applying the sentencing factors of 18 U.S.C. § 3553(a) and failed to adequately explain its reasoning when sentencing him.
*791 DISCUSSION
A. Standard of Review
We review a defendant’s sentence for both procedural and substantive reasonableness, and determine whether such a sentence was reasonable under an abuse of discretion standard of review. United States v. Carter, 510 F.3d 593, 600 (6th Cir.2007) (citing Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Because Chastain raised no objection to the district court’s sentence when given an opportunity, we must instead review Chastain’s appeal only for plain error. See United States v. Vonner, 516 F.3d 382, 386 (6th Cir.2008) (en banc) (citing United States v. Bostic, 371 F.3d 865, 872-73 (6th Cir.2004)).
B. The Procedural Reasonableness of Chastain’s Sentence
Chastain argues that his sentence was procedurally unreasonable because the district court failed to consider the § 3553(a) sentencing factors and failed to adequately explain its chosen sentence.[1] At sentencing, a district court must consider the appropriate range suggested by the Guidelines, give the parties an “opportunity to argue for whatever sentence they deem is appropriate,” consider the § 3553(a) factors in making an “individualized assessment based on the facts presented,” and “adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” United States v. Bolds, 511 F.3d 568, 579-80 (6th Cir.2007).
In explaining its application of the § 3553(a) sentencing factors, there is no requirement that the district court “engage in a ‘ritualistic incantation to establish consideration of a legal issue’ ” or that the court “make specific findings related to each of the factors considered.” Id. at 580 (quoting United States v. McClellan, 164 F.3d 308, 310 (6th Cir.1999)). Although a district court must give “the reasons” for its sentence, it is not required to “give the reasons for rejecting any and all arguments by the parties for alternative sentences,” nor to give the “specific reason” for a within-Guidelines sentence. Vonner, 516 F.3d at 387. The ultimate question, then, is “whether ‘the record makes clear that the sentencing judge listened to each argument,’ ‘considered the supporting evidence,’ was ‘fully aware’ of the defendant’s circumstances and took ‘them into account’ in sentencing him.” Id. (quoting Rita v. United States, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203(2007)).
Our decision in Vonner provides an apt comparison. In Vonner, after listening to the defendant’s arguments for a downward variance, the district court thanked the defendant for his apology and “ ‘encourage[d]’ him to continue to cooperate with the government and to dedicate his prison time to learning ‘certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over.’ ” Vonner, 516 F.3d at 384. The district court then stated that, “considering] the nature and circumstances of the offense, the history and. characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. § ] 3553(a),” the defendant’s appropriate, within-Guidelines sentence was 117 months’ imprisonment. Id. And, like Chastain, the defendant in Vonner failed to object to his sentence or its articulation when given the opportunity at his sentencing hearing. Id. As a result, in Vonner, we did not address whether the *792 district court erred in its articulation of the defendant’s sentence. Instead, we asked only whether any potential error was “plain.” Mat387.
While the district court’s explanation of the defendant’s sentence in Vonner was not “ideal,” we held that it was not plainly erroneous. Id. at 386-388. The district court mentioned the directly relevant § 3553(a) factors, i.e., the nature and circumstances of the offense, and the history and characteristics of the defendant. Id. at 388. By encouraging the defendant to continue his cooperation with the government and to learn useful skills, the district court demonstrated that it understood the defendant’s arguments for mitigation. Vonner, 516 F.3d at 388. These arguments by the defendant were “conceptually straightforward,” and nothing in the record or the context of the hearing suggested that the court did not listen to, consider and understand every argument that the defendant made. Id. (citing Rita, 551 U.S. at 358, 127 S.Ct. 2456).
By contrast, in United States v. Wallace, we found plain error where the district court failed to acknowledge the defendant’s argument that her sentence was disparately longer than that of her co-conspirator’s. 597 F.3d 794, 803-04 (6th Cir.2010). At the sentencing hearing, the government provided “facially legitimate reasons” why this difference in sentences was appropriate. Id. at 804. But, even under a plain error standard of review and even after our earlier decision in Vonner, we found the district court’s procedures in Wallace to be worthy of remand. While the district court in Vonner was “extremely brief in [its] analysis,” it did at least “consider or show an understanding of all of the defendant’s arguments for leniency,” if only “in a cursory manner.” Id. The district court in Wallace, however, “was silent on the sentencing disparity issue and did not even specifically mention any of the § 3553(a) factors.” Id.
Although both courts were certainly brief in them sentencing decisions, here the district court’s articulation of Chastain’s sentence appears closer to that in Vonner than in Wallace. The district court considered the advisory Guideline range and invited Chastain to suggest his appropriate sentence. It explicitly stated that it considered the § 3553(a) sentencing factors, namely Chastain’s history and background and the circumstances of his offense, and provided them as reasons for Chastain’s sentence. Finally, the district court addressed Chastain’s alcohol abuse by recommending that he receive 500 hours of substance abuse treatment and dismissed its mitigative effect by refusing to decrease Chastain’s sentence and admonishing him to avoid future contact with guns.
The district court’s explanation of Chastain’s sentence was, admittedly, less than ideal. Here, because the district court allowed Chastain to argue for a sentence, implicitly addressed that argument, and explicitly considered the § 3553(a) sentencing factors, any error in determining Chastain’s within-Guidelines sentence was neither plain nor obvious.
AFFIRMED.

. Because this is Chastain’s only argument supporting the reversal of his sentence on appeal, we will not consider the substantive reasonableness of Chastain's within-Guidelines sentence of sixty-three months’ imprisonment.