NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0448n.06

Case No. 14-5060

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | ) | **FILED**<br>Jun 19, 2014<br>DEBORAH S. HUNT, Clerk |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| PRESTON COLEMAN, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | **O P I N I O N** |
| | ) | |

BEFORE: Keith, Clay, and McKeague, Circuit Judges.

**McKeague, Circuit Judge.** Preston Coleman appeals the district court's judgment revoking his supervised release. We affirm.

I.

In 2011, Coleman was convicted of possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Coleman to fifteen months in prison followed by three years of supervised release. In August 2013, Coleman was arrested for theft from a Dollar General store in violation of a Tennessee state statute as well as the terms of his supervised release. The circumstances under which Coleman was implicated in the August 15, 2013 theft can fairly be described as a bit of a coincidence, as a store employee recognized Coleman during

the August incident as a result of a separate theft occurring at another Dollar General store in May.

On January 9, 2014, the district court held a supervised release violation hearing at which two witnesses testified: Elisa Hall, a manager at Dollar General as well as an eyewitness to the theft, and Darryl Bryant, the police officer who investigated the theft. Coleman called no witnesses. Hall testified that on May 7, 2013, she was working the cashier at a Dollar General store when three men working together stole merchandise from the store by concealing it in their jeans. According to Hall, they then fled in a burgundy-colored Chevrolet Tahoe.[1] In so doing, one of the individuals dropped his state identification card in the store parking lot, which a customer retrieved and gave to Hall. The card was Coleman's. After contacting the police, Hall reviewed the store's surveillance videos to determine what merchandise the individuals took. Hall testified that she could identify Coleman on the video by using the picture on the identification card as a point of comparison. According to Bryant, because the store did not follow-up on this theft, the police also did not pursue it. As a result of the police not following-up, pursuant to store policy, the surveillance video was expunged approximately ninety days after the incident.

Hall also testified that on August 15, 2013, she was working in the back office at a different Dollar General store when she noticed on the store's surveillance cameras two individuals stealing merchandise by concealing it in their jeans. Hall confronted the two men, and upon doing so, recognized one of them as Coleman. The men fled. Days later, when

---

[1] Although Hall admitted in response to questioning that she was unsure why someone recorded that Coleman fled in a red Ford Expedition, the entirety of her testimony reveals that she was "positive" about the vehicle that she observed. *Compare* R. 179, Hr'g Tr. at 39, PageID # 360, *with id.* at 40, PageID # 361, *and id.* at 95, PageID # 416.

meeting with Bryant, Hall immediately identified Coleman from a photo array. Coleman was then arrested as a result of the August incident.

The district court found the government's witnesses credible, noting that Hall in particular was a "remarkably credible" as well as an "impressive" witness. The district court found by a preponderance of the evidence that Coleman violated the conditions of his supervised release by stealing $300 worth of merchandise from the Dollar General store on August 15, 2013. As a result of this violation, the district court revoked Coleman's supervised release and imposed a ten-month prison sentence to be followed by a supervised release term of twenty-six months. This appeal followed.

## II.

A district court may "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence" that a defendant violated the terms of his supervised release. 18 U.S.C. § 3583(e)(3). We affirm such revocations provided that the "district court's decision 'shows consideration of the relevant statutory factors' and if the sentence imposed is not 'plainly unreasonable.'" *United States v. Kirby*, 418 F.3d 621, 625–26 (6th Cir. 2005) (quoting *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999)). "This court reviews a district court's revocation of supervised release for an abuse of discretion." *Id.* at 625. In supervised release hearings, district courts may permit the use of hearsay evidence so long as the evidence is reliable. *United States v. Waters*, 158 F.3d 933, 940 (6th Cir. 1998). This court reviews a district court's reliability finding for an abuse of discretion. *United States v. Kokoski*, 435 Fed. App'x 472, 474 (6th Cir. 2011).

Coleman first argues that the district court abused its discretion in denying him his right to refute or cross-examine the government's evidence, namely, the now-expunged surveillance

video, contending that the district court's actions violated his Sixth Amendment right to confrontation. Unfortunately for Coleman, this claim is foreclosed by *United States v. Kirby*, a case in which a defendant violated the terms of her supervised release by, among other things, passing stolen checks. 418 F.3d at 624. The probation officer who testified at the supervised release hearing about Kirby's criminal conduct had personally reviewed surveillance tapes showing Kirby passing stolen checks and also noted that the license plate of the vehicle driven by the person passing stolen checks was registered to Kirby's husband. *Id.* at 624–25. The district court found by a preponderance of the evidence that Kirby violated the conditions of her supervised release. *Id.* at 625. On appeal, Kirby argued that "the district court erred when it relied solely on the testimony of her probation officer to find that she engaged in additional criminal conduct . . . and that her constitutional right to confrontation was violated when the probation officer testified to hearsay statements made by police officers and victims of her criminal conduct." *Id.* at 626. This court, however, found no error despite the fact that the government offered no evidence besides the probation officer's testimony, and further found that Kirby's right to confrontation was not violated because the rule set forth in *Crawford v. Washington*, 541 U.S. 36 (2004), the seminal case outlining what is permitted under the Confrontation Clause of the Sixth Amendment, "does not apply to revocation of supervised release hearings." *Kirby*, 418 F.3d at 627. Applying that standard here, the district court similarly relied on an eyewitness's testimony in a revocation of supervised release hearing. We determine that *Kirby* is controlling here, and find Coleman's Sixth Amendment claim to be meritless.

Furthermore, we note that Coleman's reliance on this court's decision in *Kokoski* is also misplaced. Coleman mischaracterizes *Kokoski* when declaring that the district court abused its

discretion by failing to balance the parties' interests in making its reliability finding. Instead, this court in *Kokoski* observed that there is "some question" as to whether such *express* balancing is required. 435 F. App'x at 475. Rather, the court stressed that only minimal due process requirements are required at supervised release revocation proceedings, a fact which serves to help the government's case and undermine Coleman's.[2] *See id*; *see also United States v. Keisel*, 400 F. App'x 33, 39 (6th Cir. 2010) (citing *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991)) ("A revocation hearing need not be as formal as trial proceedings, and a trial court can consider any relevant evidence, including hearsay, which bears upon the court's inquiry into whether the defendant has violated the terms and conditions of his . . . supervised release."). Therefore, we find no abuse of discretion in the district court's consideration of Hall's testimony.

Coleman next argues that the district court abused its discretion on the basis that the evidence was insufficient to prove by a preponderance of the evidence that he committed theft and thus violated the terms of his supervised release. We disagree. Hall's testimony that she saw Coleman place merchandise in his jeans on the video monitor and then personally observed him flee the store, coupled with her inventory search indicating that approximately $300 of merchandise was missing, serves as sufficient direct and circumstantial evidence to support the district court's determination. Coleman points to no precedent requiring the government to offer

---

[2] Coleman's argument further suggests that Hall could not testify about what she personally observed on the now-expunged video because it violated his right to due process. However, Coleman's right to due process was not violated because he did not demonstrate that anyone acted in bad faith or that the video would have played a significant role in his defense; as a result, we identify no constitutional violation in allowing Hall to testify about what she observed. *See generally California v. Trombetta*, 467 U.S. 479, 489 (1984) (noting that "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means" to warrant a constitutional violation).

more evidence than that offered by Hall to support the district court's factual determination. *See Kirby*, 418 F.3d at 626 (holding similarly with respect to the testimony of a defendant's probation officer). Coleman's reliance on *Stephenson*, where this court found that a district court abused its discretion because the record provided scant evidence of wrongdoing, is thus not helpful. *See* 928 F.2d at 731 (noting that "pushing" short of actual fighting did not necessarily constitute assault and that drinking more than six beers at home on the weekend did not necessarily constitute excessive alcohol consumption). Moreover, Coleman's repeated attempts to discredit Hall by stating that she was inconsistent can only be described as obvious mischaracterizations of her testimony. Therefore, we find no abuse of discretion in the district court's determination that Coleman violated the terms of his supervised release by committing theft.

## III.

The district court did not abuse its discretion in finding that Coleman violated the conditions of his supervised release. The judgment of the district court is AFFIRMED.