**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert E. SMITH, Defendant–
Appellant.**

No. 02–5302.

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Robert E. Smith, a federal prisoner, appeals a district court order revoking his term of supervised release and sentencing him to 12 months and one day in prison. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith was sentenced on May 20, 1998, to 27 months in prison and three years of supervised release following his jury conviction for conspiracy to commit mail fraud and wire fraud. He commenced his term of supervised release on July 7, 2000. In October 2000, the probation officer filed a petition on probation and supervised release which listed two violations: testing positive for methamphetamine on three occasions, and committing a state felony offense by virtue of the drug possession. A final revocation hearing was held on November 15, 2000, at which time the district court orally revoked Smith's supervised release and sentenced him to six months in prison, followed by an inpatient treatment program as part of a new 30–month term of supervised release. Two days later, the district court *sua sponte* scheduled another hearing on November 21st to review the sentence pursuant to Fed.R.Crim.P. 35(c). Following this second hearing, the district court entered an order *denying* the government's motion to revoke supervised release, reinstating Smith's original term of supervised release, and adding a condition that Smith attend a 30–day inpatient substance abuse treatment program.

In March 2001, a second petition on probation and supervised release was filed, again charging Smith with positive drug tests as well as other violations. Smith

filed a motion to dismiss this petition, to which the government responded. The district court denied the motion to dismiss and a final revocation hearing was held on February 19, 2002. In an order entered on February 25, 2002, the district court revoked Smith's three-year term of supervised release and sentenced him to 12 months and one day in prison. However, because Smith's original offense predated September 13, 1994, the effective date of 18 U.S.C. § 3583(h), no new term of supervised release was imposed.

Smith's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the following issues: (1) the district court's reimposition of supervised release in November 2000 was improper, requiring dismissal of the instant petition; and (2) the district court abused its discretion in revoking Smith's supervised release and sentencing him to a term of incarceration. Smith was granted additional time to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable. The district court's order is affirmed because the court did not abuse its discretion in revoking Smith's supervised release and imposing a prison term.

"In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. [citation omitted] Once this finding is made, whether the defendant's supervised release should be revoked is reviewed for an abuse of discretion." *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000), *cert. denied*, 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001).

■ Smith did not contest the positive drug tests for using controlled substances or the fact that he committed another crime while on supervised release, thus providing the evidence needed to support the district court's finding of a violation of the conditions of his supervised release. Once this finding was made, the district court did not abuse its discretion in revoking Smith's supervised release, particularly in light of the fact that he had previously been before the court for abusing drugs while on supervised release.

This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999); *accord United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *McClellan*, 164 F.3d at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The district court need not make specific findings related to each of the factors considered, but must articulate enough of its reasoning to permit informed appellate review. *Id.*

■ After revoking Smith's supervised release, the district court imposed a prison term of twelve months and one day. Because Smith had been found guilty of a

Grade B violation and his original criminal history category was V, the Chapter Seven policy statements set a range of 18 to 24 months in prison. As the term imposed is less than that suggested by the guidelines, Smith cannot be heard to complain that the policy statements were not taken into consideration.

As noted above, the district court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Although the district court did not specifically address the various factors set forth in § 3553(a), it is clear from the arguments and discussion at the revocation proceeding that the applicable factors were considered.

■ Smith also argues that the district court erred when it modified the oral sentence originally imposed upon his first appearance in 2000 for violating the terms of his supervised release. He claims that the written order entered November 21, 2000, is void because Fed.R.Civ.P. 35(c) did not authorize the change. Because Smith did not appeal the district court's November 21, 2000, order reimposing his supervised release and modifying the conditions thereof, Smith has waived the issue. In addition, Smith's argument is without merit.

The district court did not abuse its discretion in revoking Smith's term of supervised release and the sentence imposed was reasonable and in accordance with the applicable law. Accordingly, counsel's motion to withdraw is granted and the district court's order, entered on February 25, 2002, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.