**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chaston L. CROSS, Defendant–
Appellant.**

No. 02–5158.

United States Court of Appeals,
Sixth Circuit.

Nov. 4, 2002.

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

## ORDER

Chaston L. Cross, represented by counsel, appeals from his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cross was originally convicted for distributing cocaine base, and was sentenced to fifty-two months of imprisonment and three years of supervised release. His supervised was modified in April 2000 and revoked in November 2000. In May 2001, Cross began serving a new two-year term of supervised release. In November 2001, a revocation petition was filed, asserting that Cross had violated his supervised release by: 1) being convicted of criminal trespassing; 2) testing positive for cocaine and marijuana on two separate occasions; and 3) failing to pay for a home monitoring system as previously ordered by the court. During the revocation hearing, Cross admitted to the charged violations. The court revoked his supervised release, and sentenced him to the statutory maximum of eighteen months of imprisonment, rather than the recommended guidelines range of five to eleven months.

On appeal, Cross's counsel filed a motion to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the following issues for review: 1) whether the court failed to consider the appropriate sentencing factors prior to revoking Cross's supervised release; and 2) whether the court erred when it departed upward and sentenced Cross to the statutory maximum of eighteen months.

Upon review, we conclude that the district court properly sentenced Cross. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999). The policy statements contained in Chapter Seven of the guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the fac-

tors listed in 18 U.S.C. § 3553. *Id.* The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *Id.* The factors set forth in § 3553 include: 1) the nature of the offense; 2) the need for deterrence and to protect the public; 3) the desire to provide the defendant with needed training, medical care, or other treatment; 4) any established sentencing range; and 5) the avoidance of unwarranted disparities. *Id.* at 309–10.

■ First, while the district court did not expressly discuss the Chapter Seven policy statements, it is clear that the district court considered the relevant factors. The district court noted that Cross had been "revoked" before, and that he had served time for continuously violating the law. The district court also considered the need to protect the public from further crimes committed by Cross. Finally, the district court considered that Cross had acknowledged multiple violations of his supervised release, and that Cross still suffered from a drug problem.

■ Second, the district court did not err when it sentenced Cross to the statutory maximum. Cross does not dispute that his violations constitute Grade C violations, for which the maximum prison term is set at eighteen months of imprisonment. The district court sentenced Cross to eighteen months because of his multiple violations, his previous supervised release revocation, and his continued drug problem. While the Sentencing Guidelines suggest a sentencing range of five to eleven months in prison for a Grade C violation combined with Cross's criminal history category of III, this range is not mandatory. Instead, this court has "consistently held that the policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory and that a court need only consider them prior to imposing sentence for revocation of supervised release." *McClellan,* 164 F.3d at 310; *see also United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998).

In addition, we have reviewed the record, including the transcript of the sentencing hearing and discovered no error warranting reversal of Cross's sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.