**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert Marion OFFET, Defendant–**
**Appellant.**

**No. 99–4541.**

United States Court of Appeals,
Sixth Circuit.

Feb. 7, 2001.

Before MERRITT and COLE, Circuit Judges; and HOOD,* District Judge.

## OPINION

PER CURIAM.

Defendant–Appellant Albert Marion Offet entered a plea of guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to sixty-three months' imprisonment followed by a three-year term of supervised release. Following a hearing in which Offet admitted to violating the terms of his supervised release, the district court revoked Offet's supervised release and sentenced him to the statutory maximum of twenty-four months' imprisonment. Offet appeals his sentence on grounds that it exceeds the recommended federal guideline range and is plainly unreasonable. For the reasons

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken-    tucky, sitting by designation.

that follow, we AFFIRM the judgment of the district court.

## I. BACKGROUND

On March 3, 1999, following his term of imprisonment for bank robbery, Offet began serving his term of supervised release. On April 20, 1999, he was charged with driving under the influence of alcohol, driving without an operator's license, and speeding. Accordingly, on June 2, 1999, the district court modified Offet's supervision conditions to include a ninety-day term of home confinement with electric monitoring. Offet violated the terms of his home confinement by engaging in drug use throughout the month of July 1999 and leaving his residence without permission in early August 1999. On August 10, 1999, the United States Probation Office prepared a violation report detailing Offet's acknowledged violations. Offet then signed an amended plan and agreed to participate in a residential drug treatment program at a facility called COMPASS, to attend an outpatient mental health program, and to undergo a psychiatric evaluation.

Offet entered COMPASS on August 11, 1999, but left the facility without permission on August 18, 1999, after a disagreement with a counselor. Thereafter, Offet failed to report to mandatory drug screenings on two separate occasions and tested positive for cocaine metabolite on a third occasion. On September 17, 1999, the probation office filed a petition alleging that Offet violated the conditions of his supervised release by: (1) failing to complete the program at COMPASS; (2) testing positive for cocaine metabolite; and (3) failing to abide by his home confinement with electronic monitoring. On November 8, 1999, the district court held a supervised release hearing, but Offet did not appear. On November 29, 1999, the district court held another hearing; Offet attended this second hearing and admitted to the above violations. The government advised the court that the federal sentencing guidelines recommended a sentence of eight to fourteen months but that the court could impose a sentence of up to the statutory maximum of twenty-four months.

The district court sentenced Offet to twenty-four months, and this appeal follows. Offet assigns error to the district court's upward departure from the sentencing range recommended by the guidelines, arguing that the sentence is plainly unreasonable and that the court failed to consider the policy statements and statutory factors in departing upward.

## II. DISCUSSION

We review for an abuse of discretion the revocation of a defendant's supervised release. *See United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994). "We will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999) (citing *Webb*, 30 F.3d at 689).

Under 18 U.S.C. § 3583(g), a district court may revoke a defendant's supervised release and impose a term of imprisonment when the defendant is found to have been in possession of a controlled substance. *See United States v. Jackson*, 70 F.3d 874, 877 (6th Cir.1995) (holding that § 3583(g) mandates termination of supervised release when defendant is found to be in possession of a controlled substance); *United States v. Hancox*, 49 F.3d 223, 224–25 (6th Cir.1995) (holding that failing a drug test constitutes "possession"). In reviewing the district court's imposition of a new sentence upon such

revocation, we consider the following factors: (1) whether the sentencing court considered the policy statements in the guidelines; (2) whether the sentencing court considered the relevant statutory factors; and (3) whether the sentence imposed exceeds the statutory maximum. *See McClellan*, 164 F.3d at 309–10.

■■■ First, with regard to the policy statements contained in the federal sentencing guidelines, we consistently have held that those policy statements are merely advisory and that a court need only consider them prior to imposing a sentence upon revocation of supervised release. *See id.* (citing *West*, 59 F.3d at 33). Here, the policy statements in Chapter Seven of the guidelines recommend a sentencing range of eight to fourteen months for an individual with Offet's violation category and criminal history. *See* U.S.S.G. § 7B1.4. The following exchange took place during Offet's supervised release hearing:

> The Court: What are the options as you understand them?
>
> [Gov't]: As I understand them, you have the options of whether to find him in violation, send him back for—I believe it is eight to fourteen months as stated in the report, or you may continue him on supervised release and go from there. Those are the two options I see.
>
> The Court: But the period would be eight to fourteen months if I were to revoke?
>
> [Gov't]: Well, as a guideline it's eight to fourteen months. You could go up to two years.
>
> The Court: Or I could go less?
>
> [Gov't]: Absolutely.

Thus, the district court clearly was aware of the recommended sentencing range, and we recognize that it was enough for the court to have considered and rejected a sentence within that range.

■■■ Second, with regard to the relevant statutory factors, 18 U.S.C. § 3553 requires the sentencing court to consider the following factors prior to sentencing: (1) the nature and circumstances of the offense; (2) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; and (3) avoidance of unwarranted disparities. *See* 18 U.S.C. § 3553; *Webb*, 30 F.3d at 689 n. 2. We recognize that the sentencing court need not "engage in a ritualistic incantation to establish consideration of a legal issue" on the record so long as it sets forth some reason for its sentence. *See McClellan*, 164 F.3d at 310 (internal quotation marks and citation omitted). Here, the district court considered the nature and circumstances of the offense, as well as the need to deter criminal conduct and to protect the public. The district court reviewed Offet's criminal history, noting in particular the young age at which he began his criminal career, the great number of crimes he committed, and several fortunate instances of judicial leniency. The court further noted that Offet "didn't help [him]self a whole lot by not showing up in court" for the originally scheduled hearing.

Finally, it is undisputed that Offet's sentence did not exceed the statutory maximum of twenty-four months. *See* 18 U.S.C. § 3583(e)(3). In light of the factors set forth above, we hold that it was not plainly unreasonable for the district court to sentence Offet to twenty-four months' imprisonment.

## III. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.