**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith L. CARTER, Defendant–**
**Appellant.**

No. 01–3062.

United States Court of Appeals,
Sixth Circuit.

Dec. 2, 2002.

---

242

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

PER CURIAM.

Defendant–Appellant Keith L. Carter ("Carter") appeals the district court order sentencing him to five years imprisonment for violating his supervised release. In this appeal, Carter alleges that the district court failed to consider the sentencing guidelines when it sentenced Carter, and that the district court erred because the

probation violation report miscalculated the applicable guideline range.

We find that the district court considered the range suggested by the guidelines. Moreover, we are not persuaded that the error in Carter's Probation Violation Report resulted in actual harm or prejudice. Accordingly, we AFFIRM the district court order.

On August 9, 1994, Carter pled guilty to one count of Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). On December 2, 1996, Carter was sentenced to a term of 51 months and 19 days, to be followed by 10 years of supervised release. Carter's term of supervised release commenced on October 7, 1997.

On August 14, 2000, Carter plead *nolo contendere* to Complicity to Forgery in the Montgomery County Court of Common Pleas, in Dayton, Ohio; and was sentenced to serve 30 days in jail with five years probation. On December 27, 2000, as a result of the forgery conviction, the district court sentenced Carter to the statutory maximum of five years for violating his supervised release.

We review the revocation of a defendant's supervised release and imposition of custodial sentence for abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994), *see also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994). We affirm the district court's order unless the record demonstrates that the district court did not consider relevant statutory factors, or that the sentence was plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999).

■ First, we conclude that Carter's sentence was not imposed in violation of law. Section 3583(e)(3) of the United States Code provides that "a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony...." 18 U.S.C. § 3583(e)(3). Because Carter was originally convicted of a Class A felony, the district court was authorized to sentence Carter to a maximum of five years for violating his supervised release.

■ Second, we conclude that the district court considered the sentencing guidelines, and the factors outlined in 18 U.S.C. Section 3553(a), when it sentenced Carter to the statutory maximum of five years. We have consistently held with respect to the guidelines that a "court need only consider them prior to imposing sentence for revocation of supervised release." *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999). Similarly, we do not require the district court to recite any "magic words" explaining how it weighed the factors outlined in 18 U.S.C. § 3553, or make specific findings with regard to each of the factors considered. *Id.*

In this case, the district court reviewed Carter's Probation Violation Report, and referred to the guideline range during the revocation hearing. As a result, we find that the court considered the sentencing guidelines. We also find that the court considered several of the factors outlined in 18 U.S.C. § 3553(a) including: (1) Carter's circumstances and characteristics, (2) Carter's concern that he could be killed for providing substantial assistance to the government, (3) the applicable policy statement, and (4) the need to avoid unwarranted sentencing disparities. Under *McClellan*, the district court was not required to make specific findings with respect to each of these factors. Consequently, we conclude that the district court did not abuse its discretion when it upwardly departed from the guidelines.

**244**

Lastly, we find that Carter failed to demonstrate that the error in his Probation Violation Report resulted in harm or prejudice. Section 7B1.1(a) of the Sentencing Guidelines defines a Grade C violation of Supervised Release to include "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B 1.1. Because Carter's forgery conviction was subject to a sentence of less than one year, Carter's violation of his supervised release constitutes a Grade C violation. As a result, the correct sentencing range under U.S.S.G. § 7B1.4, based upon Carter having a criminal history of VI, is 8–14 months, and not 21–27 months as noted in Carter's Probation Violation Report. *See* U.S.S.G. § 7B1.4.

However, the district court did not rely upon the range recommended in the Probation Violation Report when it imposed the statutory maximum. Moreover, Carter failed to establish that the district court would not have upwardly departed from the guidelines but for the error in the Probation Violation Report. As a result, we are not persuaded that this error was harmful, or resulted in prejudice. Accordingly, we AFFIRM the district court order.