**UNITED STATES of America, Plaintiff–Appellee,**

v.

**George MOORHATCH, Defendant–Appellant.**

**No. 01–2265.**

United States Court of Appeals, Sixth Circuit.

Feb. 18, 2003.

---

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

Defendant George Moorhatch appeals the district court's decision to sentence him to the statutory maximum five years incarceration after he pled guilty to a Grade C violation of supervised release. For the reasons stated below, we **AFFIRM**.

### I.

In 1983, Moorhatch was convicted in federal court for conspiring to distribute cocaine and methaqualone. While released on bond, he was rearrested trying to purchase two kilograms of cocaine from an undercover FBI agent. He was sentenced to 10 years imprisonment and a $10,000 fine.

In 1989, while on parole for the 1983 offense, Moorhatch was convicted for possessing cocaine with intent to distribute. He was sentenced to eight years imprisonment, eight years supervised release, and an additional fine.

In 1999, while serving his supervised release for the 1989 offense, Moorhatch was charged with a supervised release violation (failure to pay the imposed fine). After he entered into an agreement with his probation officer to pay $100 each month, the charge was dismissed.

In 2001, Moorhatch violated his conditions of supervised release by traveling to Nevada twelve times[1] and again failing to pay the outstanding fine. During the trips to Nevada. Moorhatch deposited $220,500 into various casino accounts, including $76,000 of deposits over a five-day span. He pled guilty to these supervised release violations and, on the day of the hearing,

---

1. For each trip to Nevada, Moorhatch did not have the requisite permission from the probation officer.

authorized his sister to pay the remainder of his outstanding fines ($14,720.86). The district court sentenced Moorhatch to five years imprisonment for the supervised release violation.

## II.

■ This court reviews a district court's sentence of imprisonment upon revocation of supervised release under the abuse of discretion standard. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994). "Because there are no binding sentencing guidelines, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553 and may not be plainly unreasonable." *Id.* at 689. The statutory factors include (1) the nature of the offense, (2) the need to deter criminal conduct, (3) the need to protect the public, (4) the need to provide defendant with appropriate treatment, (5) the relevant guideline range, (6) the guideline policy statements, and (7) avoidance of unwarranted disparities. 18 U.S.C. § 3553. Moreover,

> [t]here is no requirement—nor should there be—that a district court engage in a "ritualistic incantation to establish consideration of a legal issue." *See [United States v.] Washington*, 147 F.3d [490,] 491. Nor is there a requirement that a district court make specific findings relating to each of the factors considered. *See id.* Nonetheless, at a minimum, a district court must provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range. *See id.* at 492 (stating that "[a]t the time of sentencing, the district court simply must state on the record its general reasons under section 3553(a) for rejecting [the] Chapter 7 policy statements" (citation and quotation omitted)).

*United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999).

In this case, although the district court imposed a sentence well beyond that recommended in the Sentencing Guidelines, it clearly indicated why it found such a sentence appropriate. Specifically, it considered a number of the § 3553 factors, noting the severity of the underlying offense, Moorhatch's repeated flouting of the supervised release conditions, his "long history of poor adjustment" to parole and supervised release, his long-term deceit and lies to the court about his financial resources, and his failure to show any indication of real remorse. Although well aware of the relevant guideline range of 5–11 months, the district court found a 60-month sentence appropriate.

The above considerations support a finding that the district court's decision to sentence Moorhatch to the statutory maximum five years was not plainly unreasonable. A number of unpublished decisions affirm statutory maximum sentences for similar supervised release violations. *See United States v. Carter*, No. 01–3062, 2002 WL 31724823 52 Fed.Appx. 241 (6th Cir. Dec. 2, 2002); *United States v. Offet*, No. 99–4541, 2001 WL 128335, 4 Fed.Appx. 266 (6th Cir. Feb. 7, 2001); *United States v. Winchester*, No. 99–2000, 2000 WL 1871689 (6th Cir. Dec. 13, 2000); *United States v. Pratt*, No. 01–2972, 2002 WL 1926162, 44 Fed.Appx. 9 (7th Cir. August 20, 2002).

■ At the sentencing hearing, the Assistant United States Attorney had speculated that Moorhatch was laundering drug money in Las Vegas. As this speculation was not charged or alleged, nor is there significant evidence to support it, it could be reversible error to enhance Moorhatch's sentence on the basis of alleged money-laundering. *See United States v. Johnson*, No. 98–2002, 2000 WL 191816 at

*3 (6th Cir. February 8, 2000) (reversing a sentence above the recommended range for supervised release violations because the district court "continually referred to [unproven and unadmitted] child assault charges"). However, there is no indication that the prosecutor's money-laundering speculation influenced the district court's sentencing decision, as the district court made no specific reference to money-laundering and gave adequate justification for the sentence imposed. We find no abuse of discretion here.

**AFFIRMED.**