**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Onesimo SALOMON–CARRILLO,**
**Defendant–Appellant.**

Nos. 03–2277, 03–2278.

United States Court of Appeals,
Sixth Circuit.

April 27, 2004.

Richard S. Murray, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Grand Rapids, MI, for Defendant–Appellant.

Onesimo Salomon–Carrillo, Anthony New Mexico, TX, pro se.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

### ORDER

Onesimo Salomon–Carrillo appeals from his judgments of conviction and sentence for illegally reentering the United States and for violating the terms of his previous supervised release. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, Salomon–Carrillo lived legally in the United States until he was deported in 1999 following a drunk driving conviction. Thereafter, in May 1999, he was sentenced to eighteen months of imprisonment and three years of supervised release for attempting to enter the United States after being deported. He was deported again following completion of the sentence. In June 2000, Salomon–Carrillo's period of supervised release commenced.

In June 2003, Salomon–Carrillo pleaded guilty to being in the United States without permission after being deported subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a). The court sentenced him to twenty-four months of imprisonment. On that same day, the district court held a supervised release violation hearing, and Salomon–Carrillo pleaded guilty to violating the terms of his supervised release by returning to the United States and by committing another crime. The district court sentenced Salomon–Carrillo to twenty-one months of imprisonment and ordered the sentence to run consecutive to his sentence for his new illegal reentry conviction. Salomon–Carrillo filed timely appeals from his conviction for illegally reentering the United States (Case No. 03–2277) and from his conviction for the supervised release violations (Case No. 03–2278).

On December 17 and 22, 2003, Salomon–Carrillo's counsel filed motions to withdraw his representation pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Salomon–Carrillo has not filed a timely response to counsel's motions. Nonetheless, in February 2003, Salomon–Carrillo filed a motion to remand the case to the district court.

*Case No. 03–2277*

In this case, counsel submits the following issues for review: 1) whether Salo-

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

mon–Carrillo entered a valid guilty plea; and 2) whether the district court properly sentenced Salomon–Carrillo.

■ Upon review, we conclude that Salomon–Carrillo entered a valid guilty plea. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Salomon–Carrillo consented to permitting a magistrate judge to conduct the change of plea hearing. The record reflects that, during Salomon–Carrillo's plea hearing, the magistrate judge explained the rights that he was waiving, determined that he had not been forced or pressured into pleading guilty, and explained the potential penalty associated with the guilty plea, including supervised release. The magistrate judge also determined that Salomon–Carrillo understood the indictment to which he was pleading guilty. In addition, Salomon–Carrillo acknowledged his guilt to the crime charged.

■ We also conclude that the district court properly sentenced Salomon–Carrillo. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994).

Salomon–Carrillo has not presented any issue which fits these criteria. Salomon–Carrillo's total offense level was 10, his Criminal History Category score was VI, and the resulting guidelines range was 24–30 months. Thus, Salomon–Carrillo's sentence of twenty-four months was within the applicable guidelines range.

Additionally, we have reviewed the record and discovered no error warranting reversal of Salomon–Carrillo's conviction or sentence.

*Case No. 03–2278*

In this case, counsel submits the following issues for review: 1) whether the district court complied with Fed.R.Crim.P. 32 during Salomon–Carrillo's supervised release violation hearing; and 2) whether the district court properly sentenced Salomon–Carrillo.

■ Upon review, we conclude that the district court properly conducted Salomon–Carrillo's supervised release hearing. This court reviews a district court's action regarding supervised release for an abuse of discretion. *United States v. Cofield,* 233 F.3d 405, 406 (6th Cir.2000). In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *Id.*

A review of the record clearly reflects that Salomon–Carrillo violated the terms of his supervised release. During the revocation hearing, Salomon–Carrillo testified that he had read the supervised release violation report, and that he had reviewed the report with his attorney. In addition, Salomon–Carrillo acknowledged that he had violated the terms of his supervised release by illegally reentering the United States and by committing another federal crime. Hence, the district court properly concluded that the preponderance of the evidence established that Salomon–Carrillo had violated the terms of his supervised release.

■ We also conclude that the district court properly sentenced Salomon–Carrillo. This court "will affirm a district

court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999). The policy statements contained in Chapter Seven of the guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the United States Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *Id.* The factors set forth in § 3553 include: 1) the nature of the offense; 2) the need for deterrence and to protect the public; 3) the desire to provide the defendant with needed training, medical care, or other treatment; 4) any established sentencing range; and 5) the avoidance of unwarranted disparities. *Id.* at 309–10.

Here, while the district court did not expressly discuss the Chapter Seven policy statements, it is clear that the district court considered the relevant factors. The court considered the nature of Salomon–Carrillo's violations, it noted his high number of criminal history points, and it also considered his prior convictions for driving under the influence of alcohol. The court also considered the established sentencing range. Moreover, Salomon–Carrillo's term of imprisonment reflects the need to protect the public from further crimes committed by Salomon–Carrillo and the need to protect Salomon–Carrillo from himself, with respect to his drinking problem.

■ We conclude that the district court did not abuse its discretion when it ordered Salomon–Carrillo's sentences to be served consecutively. A district court generally has discretion pursuant to USSG § 5G1.3(c) to impose a consecutive, partially consecutive, or concurrent term of imprisonment on a defendant already subject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584(a); *United States v. Covert*, 117 F.3d 940, 945 (6th Cir.1997). In exercising this discretion, the district court must consider the factors set forth in § 3553(a) and applicable sentencing guidelines and policy statements. *Id.* The district court is not required to make specific findings related to each factor; it merely must "articulate at least enough of its reasoning to permit an informed appellate review." *McClellan*, 164 F.3d at 310. A district court's decision to impose a concurrent or a consecutive sentence is reviewed for an abuse of discretion. *Covert*, 117 F.3d at 945. The district court clearly articulated its reasons for ordering Salomon–Carrillo's sentence for the supervised release violations to run consecutive to his convictions for illegally reentering the United States. These reasons are a virtual mirror of the factors set out in § 3553(a); the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the deterrent effect on criminal conduct; and the protection of the public. Hence, there was no error in this regard.

In addition, we have reviewed the record in this case and discovered no error warranting reversal of Salomon–Carrillo's conviction or sentence.

■ Finally, we note that counsel notified Salomon–Carrillo that he had twenty-one days to respond to the motions to

**8**

withdraw. Salomon–Carrillo did not file any such response; nor did he file any motion to extend the period in which he was required to respond to the motions. Hence, we conclude that Salomon–Carrillo's motion to remand the case to the district court cannot be construed as a timely response to counsel's motions to withdraw his representation.

Accordingly, we deny the motion to remand, grant court counsel's motions to withdraw, and affirm the judgments of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.