NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0361n.06
Filed: May 6, 2005

No. 04-1965

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JASON MICHAEL PHILLIPS, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN, COOK, and LAY,* Circuit Judges.

PER CURIAM. Jason Michael Phillips appeals his sentence for violating the conditions of

his supervised release. We affirm.

I

Phillips pleaded guilty to violating two conditions of his supervised release: (1) failing to

participate in substance-abuse counseling, a Grade C violation, and (2) testing positive for marijuana

and cocaine use, a Grade B violation. The United States Sentencing Guidelines recommended a

range from eight to fourteen months for those violations, U.S. Sentencing Guidelines Manual §

---

*The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

7B1.4(a) (2003), but the probation office recommended that the district court sentence Phillips to eighteen months to make Phillips eligible for the Federal Bureau of Prisons' 500-hour drug-treatment program. The district court ultimately sentenced Phillips to eighteen months, though the sentence did not specifically include a recommendation for the drug-treatment program.

II

A.  Standard of Review

This court reviews a district court's actions in supervised release cases for abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir. 1994). We will affirm a district court's sentence provided the court considered the relevant statutory factors and imposed a sentence that is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999).

B.  The District Court Did Not Abuse Its Discretion

1.  The Court Considered the Relevant Statutory Factors

Title 18 U.S.C. § 3583(e) provides that, before imposing a prison sentence for violation of supervised release, a district court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Those sections require taking into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate

deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . (4) the kinds of sentence and the sentencing range established . . . (5) any pertinent policy statement issued by the sentencing commission . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The district court here considered those factors, noting Phillips's history of drug dependency and the need to deter Phillips from further drug offenses. Affording Phillips educational opportunities ranked among the court's principal concerns: "I'm going to again require that you receive educational opportunity because I want you to spend that time reading. I want you to spend the time studying there." The court referred to the Amended Supervised Release Violation Report, which states that the recommended Guidelines sentence is eight to fourteen months. That reference permits this court to presume that the district court considered the recommended Guidelines range. *McClellan*, 164 F.3d at 310.

## 2. The Sentence Is Not Plainly Unreasonable

Where a district court imposes a sentence higher than the recommended Guidelines range, it "must provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." *Id.* Without tying the drug-treatment program to the eighteen-month sentence, Phillips argues, the district court failed to indicate any reason for exceeding the recommended sentencing range.

The district court did, however, indirectly acknowledge Phillips's eligibility for the drug-treatment program, and produced nine pages of sentencing transcript discussing Phillips's unique circumstances and needs. Phillips asked to be placed at the federal prison in Milan, Michigan, so he could be near his mother. Phillips's attorney told the court: "Milan does have the 500-hour program." The district court then recommended that the Bureau of Prisons place Phillips at Milan. And even if the district court failed entirely to consider Phillips's eligibility for the drug-treatment program, the other factors the district court considered foreclose our finding Phillips's sentence plainly unreasonable.

III

Finding no abuse of discretion, we affirm Phillips's sentence for violating the conditions of his supervised release.