No. 04-2565
File Name: 06a0285n.06
Filed: April 27, 2006

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROY JOHNSON, | ) | |
| | ) | |
| **Defendant-Appellant**, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| | ) | |
| **Plaintiff-Appellee**. | ) | |
| _____ | ) | |

**Before SILER and CLAY Circuit Judges; MILLS, District Judge.**[*]

**RICHARD MILLS, District Judge.**

## BACKGROUND

Appellant Roy Johnson was convicted of a Class A drug felony under 21 U.S.C. § 841(a)(1). With an offense level of 35 and a criminal history category III, Johnson faced a Guideline range of 210-262 months. However, the Government moved for a downward departure, and on February 14, 1996, the district court

---

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

1

sentenced Johnson to 108 months imprisonment and 5 years supervised release. Following a 1997 Rule 35(b) motion, the district court reduced Johnson's sentence to 60 months. Johnson got out of prison on November 1, 1999 and began his supervised release.

On March 28, 2003, the U.S. Probation Office asked the district court to place Johnson on electronic monitoring because Johnson violated the terms of his supervised release by failing to pay court-ordered child support. When Johnson further violated his supervised release via non-payment of child support, cocaine use, and making false statements, the Probation Office filed a March 24, 2004, petition to revoke his release.

The district court held a revocation hearing on June 30, 2004, and Johnson admitted many of the petition's allegations. The court sentenced Johnson to 45 days in prison to be followed by an additional 24 months supervision, 12 of which would be served in a halfway house.

On November 15, 2004, the Probation Office filed another revocation petition because Johnson failed to follow the rules of the Sanctions Center, the halfway house where he resided. On December 8, 2004, the Probation Office filed an amended revocation petition based on Johnson's failure to timely report a speeding ticket (72 mph in a 55 mph construction zone). Johnson admitted both of

2

these violations at a December 9, 2004, revocation hearing. Because this was a Grade C violation and Johnson had a criminal history category III, the recommended range of imprisonment was 5-11 months.

The district court imposed a 48 month sentence. Before doing so, it recited Johnson's history of violations. The court also noted that Johnson had received tremendous breaks along the way. Johnson appeals the district court's decision to impose a 48 month sentence.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STANDARD OF REVIEW

This Court reviews a district court's revocation of supervised release for an abuse of discretion. United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). Revocation of supervised release and imposition of imprisonment will be affirmed if the district court's decision "shows consideration of the relevant statutory factors" and if the sentence imposed is not "plainly unreasonable." United States v. McClellan, 164 F.3d 308, 309 (6th Cir. 1999).

## ANALYSIS

A district court must consider the policy statements set forth in Chapter Seven of the Sentencing Guidelines prior to imposing a sentence. Id. at 310. The

3

policy statements, however, are merely advisory. Id.

The district court is also required to consider the factors listed in 18 U.S.C. § 3553. Id. Before imposing a prison sentence for violation of supervised release, § 3583(e) requires a district court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Id. Those sections require taking into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed ... (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ... (4) the kinds of sentence and the sentencing range established ... (5) any pertinent policy statement issued by the sentencing commission ... (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

A district court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review. United States v. Washington, 147 F.3d 490, 491 (6th Cir.1998). Moreover, where a district court imposes a sentence higher than the recommended Guidelines range, it "must provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." U.S. v. Kirby , 418 F.3d 621, 628 (6th Cir. 2005); U.S. v. Phillips, 129 Fed.Appx. 982, 984 (6th Cir. 2005).

4

Here, the district court referred to the amended supervised release violation report which stated that the recommended Guideline sentence was 5-11 months. That reference permits this Court to presume that the district court considered the recommended Guideline range. See McClellan, 164 F.3d at 310 (allowing for such an inference). Moreover, the district court considered the necessary factors. It noted Johnson's history of drug dependency and his repeated supervised release violations. The district court also highlighted how Johnson violated the court's trust through his numerous transgressions. See U.S. v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005) (citing U.S.S.G. Ch. 7, pt. A, introductory cmt.) ("The violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned.").

Because the offense that gave rise to Johnson's supervised release was a Class A felony, the district court could have imposed a prison term of up to 5 years when it revoked his supervised release.[1] See 18 U.S.C. § 3583(e)(3). This Circuit has previously affirmed the imposition of statutory maximum penalties for revocations. In U.S. v. Kirby, the Court discussed "the classic situation in which

---

[1] As the district court sentenced Johnson to serve a prison term of 45 days on a previous revocation, the true maximum sentence it could impose was 5 years minus the 45 days Johnson already served.

imposition of the statutory maximum sentence upon revocation of supervised release is appropriate." 418 F.3d at 628. Defendant Kirby was on supervised release for stealing mail when she committed numerous violations of her supervised release. After she stole money from her employer and merchandise from a business, the district court revoked her supervised release and sentenced her to 4 months in prison. Upon her return to supervised release, Kirby began passing stolen checks and violated other terms of her supervised release. Kirby not only violated the conditions of her supervised release, she continued to engage in criminal activities similar to the crime for which she was originally convicted. Although the recommended sentence range was 4-10 months, the district court imposed a prison term of 20 months (the statutory maximum term was 24 months, but Kirby had already served 4 months on the earlier revocation). She appealed and this Court held that the sentence "was more than justified by Kirby's repeated transgressions." Id. Johnson, like Kirby, deserved the statutory maximum penalty due to his history of transgressions.

Furthermore, Johnson had received numerous breaks from the court and Government. At sentencing, Johnson faced a Guideline range of 210-262 months before the Government filed and the Court allowed a downward departure that led to a 108 month sentence. A subsequent Rule 35(b) motion shaved that sentence

down to 60 months. The district court recounted this at some length. In doing so, the district court implicitly recognized U.S.S.G. §7B1.4, Application Note 4. That note provides that "[w]here an original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or as a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." Id. Because Johnson received such a tremendous downward departure, an upward departure was warranted here. Thus, a 48 month sentence was not plainly unreasonable given the facts of this case.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's decision.